HENSON *v*. STATE.

(*Nashville.*   December Term, 1902.)

CRIMINAL LAW. Misconduct of jury, in examining Code, ground for reversal, when.

The jury are the judges of the law under the direction of the court and, it being the duty of the jury to receive the law as given in charge by the court, an examination of the Code by a juror to ascertain for himself the law, after which he agreed to a verdict for murder when before he was in favor of a conviction for manslaughter, constitutes ground for reversal.

Cases cited and approved:   Dale v. State, 10 Yerg., 555; Harris v. State, 7 Lea, 538, 554.

FROM JACKSON.

Appeal in error from the Circuit Court of Jackson County.—W. T. SMITH, Judge.

D. B. JOHNSTON and W. W. DRAPER, for Henson.

CHARLES T. CATES, JR., Attorney-General, for State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted in the circuit court of Jackson county for the murder of one Henry Mc-Bride, and was convicted of murder in the second degree. He has appealed and assigned errors.

The only error which we shall notice is the following: After the jury had been charged by the court, and had retired to consider of their verdict, one of the jurors—E. W. Jackson—called for the Code of Tennessee, and it was brought to him by the officer in charge. He thereupon examined it, and after such examination declared that he was ready to agree to a verdict of murder in the second degree. Prior to this time he had been in favor of returning a verdict of voluntary manslaughter. This conduct on the part of the juror was offered in the court below as ground for new trial, but the motion was overruled. We think his honor committed error in overruling the motion. We reaffirm the rule upon this subject as laid down in *Dale* v. *The State,* 10 Yerg., 555, and approved in *Harris* v. *The State,* 7 Lea, 538, 554, viz.: "The jury are the judges of the law as it applies to the facts. They are exclusive judges of the facts. But in making up their verdict they are to consider the law in connection with the facts, but the court is the proper source from which they are to get the law. In other words, they are the judges of the law as well as the facts, under the direction of the court."

This is the true rule in criminal cases. In the present case it appears that the juror Jackson, instead of taking the law from the court as given to the jury in his honor's

charge, undertook to ascertain it for himself by an examination of the Code.   This he had no legal right to do, and the refusal of the court below to set aside the verdict on this ground was error.

Reverse the judgment and remand the cause for a new trial.